## F. H. SORENSON v. GREYSOLON COMPANY AND OTHERS.[1]

April 13, 1928.

No. 26,529.

**The questions specified were properly submitted to the jury.**

1. Upon an examination of the record, it is *held* that the court properly submitted to the jury: (a) The question whether plaintiff was the holder in due course of the promissory notes involved; and (b) the question whether the individual defendants had knowledge and notice of the presence of a mortgage assumption clause in certain deeds which they received.

**Minutes of meeting properly excluded for want of foundation.**

2. It is also *held* that the court did not err in the exclusion of evidence.

Bills and Notes, 8 C. J. p. 1061 n. 61.
Mortgages, 41 C. J. p. 751 n. 89.
Witnesses, 40 Cyc. p. 2734 n. 83.

Plaintiff, the assignee of certain promissory notes and mortgages, brought an action in the district court for St. Louis county against the Greysolon Company to recover on the notes. She also brought five separate actions against the individual defendants on a mortgage assumption clause in certain deeds executed by the company and given to them whereby they, together with other stockholders, agreed to pay the mortgage indebtedness on the property covered by the deeds. The actions were consolidated in the district court and tried as one. The jury found for defendants. From an order, Freeman, J. denying her alternative motion for judgment or a new trial, plaintiff appealed. Affirmed.

*Burdick & Campbell,* for appellant.

*Courtney & Courtney,* for respondents.

Wilson, C. J.

Plaintiff appealed from an order denying her alternative motion for judgment non obstante or a new trial.

[1] Reported in 219 N. W. 95.

The facts are stated in 170 Minn. 259, 212 N. W. 457. We may add that the 24 notes of $375 each were dated November 1, 1923. Waters Company, the payee, on November 16, 1923, transferred these notes to the Newton Syndicate, sometimes mentioned in the record as Prindle & Company, which in 1925 transferred them to plaintiff. The payee indorsed the notes without recourse and, when they were acquired by plaintiff, her name was written into the blank indorsement.

1(a) When plaintiff became the owner of the notes there was a default in a partial payment. But she invokes the rule that her assignor was a holder in due course and that she has stepped into his shoes. The jury has found that the Newton Syndicate was not a holder in due course. The claim is that the court erred in submitting this question to the jury. An examination of the record shows or would justify the inference that the syndicate controlled the land which the individual stockholders of Greysolon Company arranged to purchase. They knew Lynott in connection therewith. Later the syndicate, or someone connected therewith, owned "Woodland Acreage," which was put into this deal, receiving therefor a lot of the accepted value of $500, and a $500 note of the U. S. Realty Company, and the 24 notes aggregating $9,000, secured by separate mortgages on the 24 five-acre tracts. The land was worth $35 per acre. The mortgages amounted to $75 per acre. Lynott was the principal character in nearly all of these transactions. He was a former employe of plaintiff's husband, who was also an employe of the syndicate, which was familiar with much of the transaction. The notes were given by a failing corporation, which obviously was to be without assets before the maturity of the notes. The syndicate conveyed the tracts to Waters Company and took from them the notes of the worthless corporation signed without recourse. There was nothing from which payment could be expected except the land valued at $4,200. The syndicate sold the 48 lots in Harrison's division to the group who later became the stockholders in Greysolon Company.

The purchase of such paper of an irresponsible maker having such inadequate security tests the credulity of the ordinary person,

and we are of the opinion that the court, upon the entire record, was right in submitting the question to the jury.

1(b)   The individual defendants surrendered their stock in the Greysolon Company and each accepted a deed to one of the five-acre tracts.   Each deed contained a clause wherein the grantee assumed and agreed to pay the $375 mortgage.   It is the alleged liability under the assumption clause that brings the individual defendants into this action.   It is their claim that they never consented to the presence of the assumption clause in the deeds, that they never in fact agreed to assume the mortgages, and that they had no notice or knowledge that this clause was in their deeds at the time they received them, and did not learn of the same until demand was made for payment pursuant thereto.   Most of the deeds were handled but little by the grantees, and the evidence tended to excuse want of knowledge on their part.   The president of the corporation, who executed the deeds, claimed that he did not know of the clause therein.   The evidence was sufficient to present a jury issue.

2.   On the cross-examination of the witness Baumgartner, plaintiff offered in evidence certain minutes of the corporation for the purpose of impeachment.   It was rightly excluded for want of foundation, in that its accuracy and the witness' connection therewith was not sufficiently established.

The defendant corporation was released by the finding of fraud.

Affirmed.